**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH MARTIN WUBBOLD,

Defendant - Appellant.

No. 09-30034

D.C. No. 4:08-CR-00015 RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 28, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN, and CLIFTON, Circuit Judges.

Joseph Martin Wubbold appeals from the district court's denial of his

motion to suppress evidence. The seizure of Wubbold's person was reasonable

under the Fourth Amendment. Thus, the discovery of Wubbold's lockbox was not

the fruit of an illegal seizure. Additionally, the search fit within the *Michigan v.*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Long*, 463 U.S. 1032 (1983), exception to the warrant requirement. Accordingly, we affirm.

The district court's denial of a motion to suppress is reviewed de novo. *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008). The factual findings underlying the district court's decision are reviewed for clear error. *Id.* In particular, "[w]hether an encounter between a defendant and an officer constitutes a seizure is a mixed question of law and fact that we review *de novo*." *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007).

We are not persuaded that any of the factual findings underlying the district court's decision, including the sequence of events, were clearly erroneous. Further, we are not persuaded that prior to the existence of reasonable suspicion justifying Wubbold's seizure, "the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439 (1991).

Wubbold was not seized when the officers pulled up without lights or sirens, parked on either side so as to leave him room to drive away, and approached on foot without drawing their weapons or raising their voices. *See Washington*, 490 F.3d at 770; *United States v. Kim*, 25 F.3d 1426, 1431 (9th Cir. 1994). Rather, Wubbold was seized only after he engaged in suspicious behavior raising

2

legitimate concerns for officer safety. *United States v. Burkett*, No. 09-30260, 2010 WL 2814312, at \*4 (9th Cir. July 20, 2010); *United States v. Taylor*, 716 F.2d 701, 709 (9th Cir. 1983). Removing Wubbold from his truck and handcuffing him did not necessarily convert the stop into an arrest requiring probable cause. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002). The methods used by the police "'were reasonable *given the specific circumstances*.'" *Id.* (quoting *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)).

The absence of a search warrant did not invalidate the search of Wubbold's lockbox because, under *Long*, an officer without a search warrant is permitted "to search a vehicle's passenger compartment when he has reasonable suspicion that an individual, whether or not the arrestee, is 'dangerous' and might access the vehicle 'to gain immediate control of weapons.'" *Arizona v. Gant*, 129 S. Ct. 1710, 1721 (2009) (quoting *Long*, 463 U.S. at 1049).

**AFFIRMED.**